UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

NICK ANZOIL BAUSSAN,

    Petitioner,

v.                                                             CASE NO: 5:11-CV-453-Oc-30TBS

WARDEN, FCC COLEMAN - MEDIUM,

    Respondent.
_____/

## **ORDER**

    THIS CAUSE comes before the Court upon Nick Anzoil Baussan's Petition for Writ of Habeas Corpus (Dkt. #1) filed pursuant to 28 U.S.C. § 2241, Respondent's Response (Dkt. #4), and Petitioner's Reply (Dkt. #5). Upon consideration, the Court concludes that the petition is due to be dismissed.

    Baussan, a federal inmate in the Coleman Correctional Institution, complains that he was unfairly disciplined for contraband found in his possession. He claims that there was no rule against the possession of the items in question until after he was disciplined.

### **Factual Background**

    On August 6, 2010, the Bureau of Prisons ("BOP") staff found several Uniform Commercial Code ("UCC") financial statements naming Patricia Fawsett (Chief U.S. District Judge), Robert Bodner (Assistant U.S. Attorney), and Sheryl Loesch (Clerk of Court) as

debtors and Petitioner as the secured party/creditor. The forms had been filled out, but not yet filed.

It is a crime to conspire to file in any public record a false lien or encumbrance against the property of any officer or employee of the United States. 18 U.S.C. § 1521 provides:

> Whoever files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in § 1114, on account of the performance of official duties by that individual, knowing or have reason to know that such lien or encumbrance is false or contains any material false, fictitious, or fraudulent statement or representation, shall be fined under this title or imprisoned for not more than ten years, or both.

18 U.S.C. § 1114 covers officers and employees of the United States and of any agency in any branch of the United States government.

An incident report charging stealing (attempt) was issued and a BOP lieutenant assigned to investigate the charges. The lieutenant advised Baussan of his rights and asked if he wanted to make a statement. Baussan said he never filed the documents. The lieutenant determined the charges to be well founded and referred the matter to the Unit Discipline Committee ("UDC"). The UDC referred the matter to a Discipline Hearings Officer ("DHO") for a formal hearing.

After appropriate notice, Petitioner appeared at the disciplinary hearing with a witness to testify on his behalf. Petitioner denied the charges. He acknowledged that he had had the documents in his possession for five years but considered them just "useless formats." His witness testified that he took the Petitioner to the law library and showed him several cases

indicating that such a filing would be fraud. The witness further claimed that Petitioner then wrote to the Court requesting the UCC filing be discarded. (Apparently Baussan had filed other forms previously.)

After a review of the evidence, the DHO found that Petitioner had not committed the charged act of stealing (attempt), but had committed the lesser prohibited act of Possession Of Anything Unauthorized, in violation of Bureau Code 305. The DHO sanctioned Baussan with loss of commissary, visiting and telephone privileges. And according to Baussan, his custody level was increased by two levels. He acknowledged that the two level increase would be removed upon the annual inmate review.

## **Discussion**

Baussan claims that his due process rights were violated since he was not on notice that the possession of these materials was prohibited. He admits that the duration of his confinement was not affected, but contends that he has a claim because his status and privileges within the prison system were altered to his detriment. The Respondent contends that this type of prison discipline is not a proper subject for a § 2241 habeas corpus petition. The Court agrees.

The purpose of a writ of habeas corpus is to secure the release of an individual from illegal custody. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). "(T)he purpose of a Great Writ is to provide some means by which the legality of the individual's incarceration may be tested." *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979). Since the discipline in question in this case did not alter the prisoner's duration of confinement, it is not an

appropriate matter for a habeas corpus proceeding and therefore it will be dismissed.

In his Reply, Baussan contends that a § 2241 habeas proceeding is appropriate for his type of complaint. He cites several cases and states, "all of the cases cited herein were all habeas corpus cases challenging the warden's enforcement of a prison regulation never published and made known to those petitioners." Reply (Dkt. #5), p.4. Baussan apparently refers to the seven cases listed on page 3 of his reply brief. Contrary to Baussan's assertion that all of these cases were habeas petitions, five were § 1983 complaints, one was only identified as a "lawsuit" but appears to be a civil action, and only one was a habeas petition, to wit: *Forbes v. Trigg*, 976 F.2d 308 (7th Cir. 1992). The one habeas case was dismissed as moot because the discipline rendered had expired. There is no comment about whether relief would have been forthcoming had it not been dismissed as moot.

Therefore, the Court concludes that a habeas petition is not available to contest disciplinary measures that do not affect the duration or legality of confinement. This petition must therefore be dismissed. Even if it were not dismissed, it would fail on its merits.

Baussan is correct that he was entitled to notice of the prohibited conduct before he was disciplined. But he is incorrect that he was not on notice. The best case he cites in support of his petition is: *Reeves v. Pettcox*, 19 F.3d 1060 (5th Cir. 1994). The *Reeves* court explained that a prisoner is "entitled to a fair warning, or fair opportunity to know, that his conduct was prohibited before being punished for that conduct . . .." In *Reeves*, a prisoner in solitary confinement was disciplined for pushing his meal tray out into the common hallway after completing his meal. The prison rules required all food trays to stay inside the

cells until they were collected by the guards. The prisoner, even though he had never been informed of that particular rule, was disciplined. The difference in Baussan's case is that Baussan violated the law, not a rule promulgated by the prison itself.

Individuals are presumed to know the law and are required to govern themselves accordingly. Baussan acknowledges that materials that violate the law are contraband and prohibited by the rules of his prison. The discipline in his case was therefore appropriate.

Having decided the petition must be dismissed, and that it would fail even if it were not dismissed, the Court hereby

ORDERS AND ADJUDGES that:

1. The Petition for Writ of Habeas Corpus (Dkt. #1) is DISMISSED.

2. All pending motions are denied as moot.

3. The Clerk is directed to close this file.

**DONE** and **ORDERED** in Tampa, Florida on December 12, 2011.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

*F:\Docs\2011\11-cv-453.Ocala Baussan.wpd*